Robert Michael GOODFRIEND and wife,
Wendy Ellyn Goodfriend,
Plaintiffs-Appellants,

v.

UNITED AMERICAN BANK, et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 12, 1982.

Permission to Appeal Denied by Supreme
Court March 15, 1982.

L. Ceasar Stair, III, Bernstein, Susano, Stair & Cohen, Knoxville, for plaintiffs-appellants.

W. F. Shumate, Jr., Ridenour, Ridenour, Ridenour, Ridenour, Bowers, Shumate, McCloud & Lacy, Knoxville, for defendants-appellees.

## OPINION

SANDERS, Judge.

The Plaintiffs have appealed from a chancery decree holding that advances under an open-end mortgage are superior to their claim for payment of invoices for materials furnished in the construction of a residence.

The Plaintiffs-Appellants, Robert Michael Goodfriend and wife, Wendy Ellyn Goodfriend, entered into a contract with the Defendant, Mitchell & Associates, Inc., to purchase a residence to be constructed by Mitchell upon a lot owned by it. Prior to the contract Mitchell had executed a deed of trust on the property to the Defendant-Appellee, United American Bank, to secure a $75,000 construction loan. The deed of trust provided for the security of the original loan and any amount that may thereafter be owing. It is dated July 14, 1977, and duly recorded the same date. The contract of sale was entered into on July 28, 1978, and the total purchase price was $171,120.00 which was to be paid upon completion of the house.

Sometime after the purchase agreement was made the parties entered into an oral agreement giving the Plaintiffs the right to pay the invoices for materials as they were furnished. It was agreed that any payments made by the Plaintiffs would be credited on the purchase price of the house and they would also receive a credit on the purchase price of interest at the rate of 9% from the date of payment to the date of closing. However, the principal reason for the Plaintiffs' paying the invoices for materials was so they could claim the sales tax on the materials as a deduction on their federal income tax. As the work on the house progressed Mitchell would order materials and when the invoice was received he would send it to the Plaintiffs for payment. Mitchell, in turn, would give the Plaintiffs a receipt showing the total advances and balance due on the purchase price. Between October, 1978, and January 30, 1979, the Plaintiffs paid invoices for materials furnished for the construction in the amount of $63,931.91.

On February 20, 1979, the United American Bank and Mitchell entered into an agreement whereby it was agreed the construction loan and the deed of trust securing the same would be increased to $102,000.

The house was completed in October, 1979, but Mitchell was unable to pay off the construction loan and deliver a clear title to the Plaintiffs. United American Bank foreclosed its deed of trust and the property brought $102,000 at the foreclosure sale.

Plaintiffs filed suit against the bank claiming they had furnished materials for the construction of the residence; that having done so they had a materialman's lien on the property and that lien was superior to the advance which the bank had made to Mitchell over and above the original $75,000 loan. They insisted they were entitled to have the $27,000 which the property brought at the sale in excess of the original loan applied to the payment of their lien.

The case was tried before the chancellor who held the Plaintiffs were not furnishers

of materials within the meaning of the statute and the lien held by the bank was superior to the claim of the Plaintiffs. The Plaintiffs have appealed, insisting that the chancellor was in error.

■ Appellants' first issue for review is, "Are Plaintiffs entitled to a materialman's or furnisher's lien as provided in *Tennessee Code Annotated* § 64–1101, et seq.?" We think not.

Appellants argue that since they made payments direct to the materialmen and suppliers of materials and delivered them to the job site they fall within the provision of T.C.A. § 64–1102 which says, "Persons who do any portion of the work or furnish any portion of the materials for such building."

We do not hold that a person who is not engaged in the business of furnishing building materials could not be brought within the protection of the statute by paying for the materials but we do not construe the statute to contemplate protection for a person who voluntarily pays for materials ordered to take advantage of the deduction of sales tax for income tax purposes.

Appellants' second issue is, "Are plaintiffs entitled to a lien claim by virtue of subrogation to the lien rights of the materialmen and suppliers they paid?" Again, we think not.

■ The Appellants argue that whenever a person pays the debt or discharges an obligation of another to protect his own rights and interest he is entitled to be subrogated to the rights of the person whose debts he pays. The Appellees point out that a volunteer is not entitled to be subrogated.

■ We think that is the posture of the Appellants in this case and that defeats their right to recovery. Appellants rely upon 83 C.J.S., p. 601, Subrogation, Sec. 9, as supportive of their position. We fail to find it supports the Appellants but find it supportive of the Appellees. It provides, in part:

"It always requires something more than the mere payment of a debt in order to entitle the person paying it to be sub-stituted in the place of the original creditor. Subrogation goes on the theory that the one invoking the remedy rightfully discharged the debt. A mere volunteer, intermeddler, or stranger, or one acting officiously in paying the debt of another, is not entitled to subrogation to the creditor's rights, where he pays without an assignment of the debt or an agreement for subrogation. A 'volunteer' or 'stranger' within this rule is one who has no obligation or liability to pay the debt and has no interest in the property affected by the debt. Some compulsion to pay, such as legal process, is ordinarily essential and sufficient to support subrogation."

Since the Appellants were volunteers they were not entitled to subrogation.

■ The Appellants also present the following issue: "Was the Bank's knowledge that plaintiffs were making payments directly to materialmen and suppliers sufficient notice of plaintiffs' lien claim to prevent the Bank's lien acquired in the Modification Agreement dated February 20, 1979 from becoming superior to plaintiffs' lien claim for materials and supplies furnished by them prior to that date?"

The right to enforce an open-end mortgage as a lien for future advances has been recognized in this jurisdiction since 1860. The landmark case is *McGavock v. Deery*, 41 Tenn. 265. This case has been followed and affirmed in the more recent cases of *Murdock Acceptance Corp. v. Jones*, 50 Tenn.App. 431, 362 S.W.2d 266 (1961) and *Wright v. Lincoln County Bank*, 62 Tenn. App. 560, 465 S.W.2d 877 (1971).

Since we have held the Appellants are not the holders of a lien under the statute and open-end mortgages are enforceable, we think the question of notice is moot.

The issues are found in favor of the Appellee. The decree of the chancellor is affirmed but the cost of this appeal is taxed to the Appellee.

GODDARD and FRANKS, JJ., concur.